UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 92-06020-CR-UNGARO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RODNEY MATTHEWS,

    Defendant.
_____/

**MATTHEWS' UNOPPOSED MOTION FOR COMPASSIONATE RELEASE OR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT BASED ON EXTRAORDINARY AND COMPELLING REASONS OF TERMINAL ILLNESS AND AGE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Rodney Matthews, by and through his undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for an order reducing his sentence based on extraordinary and compelling reasons which are his medical condition consisting of a terminal illness and his age. Mr. Matthews satisfies the criteria under §3582(c)(1)(A)(i), U.S.S.G. 1B1.13 and as further elaborated by BOP Program Statement 5050.50.

### FACTUAL BACKGROUND

Rodney Matthews was arrested on June 26, 1992 (PSI at page 2) and later charged in an 18 count superseding indictment in the Southern District of Florida (DE 52). Mr. Matthews was convicted by a jury on December 15, 1992, of counts one, two, six, twelve, thirteen and fourteen of the superseding indictment. He was found not guilty of counts three, four, eleven and fifteen (DE 237). Count one charged the

1

defendant with a continuing criminal enterprise in violation of 21 U.S.C. § 848. Counts two and six charged conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963. Count twelve charged conspiracy to conduct a financial transaction affecting interstate commerce in violation of 18 U.S.C. § 371. Counts thirteen and fourteen charged attempting to conduct a financial transaction affecting interstate commerce in violation of 18 U.S.C. § 1956(a)(1)(B)(i)(DE 52).

The government alleged that Mr. Matthews was responsible for the importation of at least 5,000 kilos of cocaine into South Florida from the country of Columbia from 1986 to April 16, 1988 (PSI at page 3). The government alleged that the importation scheme involved Matthews organizing flights to Columbia from Ft. Lauderdale that would return with multi-hundred kilo quantities of cocaine (PSI at paragraphs 3-8).

Count one carried a penalty of 20 years to life imprisonment. Counts two and six carried a penalty of 10 years to life imprisonment. Count twelve was punishable by a sentence of zero to five years imprisonment and counts thirteen and fourteen carried a penalty of zero to twenty years (PSI at paragraph 2).

On April 21, 1994, the Court sentenced Mr. Matthews as follows: sixty months imprisonment on count twelve; two hundred and forty months imprisonment on counts thirteen and fourteen and life imprisonment on counts one, two, and six, all sentences to run concurrent with one another (DE 265). Mr. Matthews has remained in continuous custody since his arrest on June 26, 1992. He is presently incarcerated at the Federal Medical Center (FMC) Butner.

## SENTENCING REDUCTION AUTHORITY
## UNDER 18 U.S.C. § 3582(c)(1)(A)(i)

This Court has the authority to reduce the term of imprisonment imposed in this case based on 18 U.S.C. § 3582(c)(1)(A) and (i), which states, in pertinent part, that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Furthermore, the Court can modify a term of imprisonment, "…upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582 (c)(1)(A). As explained below, Mr. Matthews satisfies all of these criteria.

Initially, it must be noted that pursuant to the "History and Characteristics of the Defendant" prong of 18 U.S.C. § 3553(a), the age of the defendant and medical and/or health illnesses are factors that the Court can consider at sentencing. Importantly, 18 U.S.C. § 3553(a)(5) relates that the Court should consider any pertinent policy statement issued by the Sentencing Commission pursuant to section

994(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress. In this regard, U.S.S.G. 1B1.13 is the Sentencing Guidelines policy statement relating to Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A). It reads:

> Upon Motion by the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A, the Court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), if after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—(1)(A) extraordinary and compelling reasons warrant the reduction; or (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement.

In addition, Application note 1 provides the circumstances by which extraordinary and compelling reasons exist which are, in pertinent part:

> (A)Medical Condition of the Defendant—(i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

Moreover, the Bureau of Prisons Program Statement 5050.50 (Dated January 17, 2019) gives further guidance as to what may qualify as "extraordinary and compelling reasons" that may warrant a reduction. Section 4 is entitled Requests Based on Non-Medical Circumstances--Elderly Inmates. Part (b) of that section states in relevant part:

> Elderly inmates with medical conditions. Inmates who fit the following criteria:
>
> Age 65 or older.
> Suffer from chronic or serious medical conditions related to the aging process.
> Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.
> Conventional treatment promises no substantial improvement to their mental or physical condition.
> Have served at least 50% of their sentence.

### First Step Act's Impact on Matthews

Mr. Matthews is petitioning the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on the extraordinary and compelling reasons of his medical condition consisting of a terminal illness, his age of 75, the factors contained in 18 U.S.C. § 3553(a), and the policy statements issued by the Sentencing Guidelines Commission. Mr. Matthews also offers the fact that he is not a danger to the community although this is not a factor he is required to satisfy.

However, it is important to note that the First Step Act (FSA) underscores and confirms the authority of this Court to grant the reduction requested herein in the following ways: (1), the Court can grant the reduction upon motion by the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf…and (2), the Court is not constrained by the policy statement contained in U.S.S.G. 1B1.13 cmt. N.1(D). *United States v. Beck,* 2019 WL 2716505 (M.D. N.C. June 28, 2019) (reducing a 165-month sentence for "serious drug and firearm offenses" down to time served due primarily to medical illness and finding, "[W]hile the old policy statement

5

provides helpful guidance, **it does not constrain the Court's independent assessment** of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i). *Id.* at 6; *United States v. Cantu-Rivera,* 2019 WL 2578272 (S.D. Tex. June 24, 2019) (reducing a defendant's life sentence to time served due to extraordinary and compelling reasons including age, rehabilitation, and a fundamental change in the statute. In absence of a policy statement applicable to motions for compassionate release filed by defendants under the First Step Act, "the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. 1B1.13 cmt. N. 1(A)-(C), warrant relief." *Id.* at 5; *United States v. McGraw,* 2019 WL 2059488 (S.D. Ind. May 9, 2019)(reducing life sentence for 72 year old McGraw who required a wheelchair and portable oxygen machine finding that that the identity of the movant (either the defendant or the BOP) should have no impact on the factors the Court should consider); *United States v. Walker,* 2019 WL 5268752 (N.D. Ohio October 17, 2019)(reducing 132 month sentence based on circumstances that do not involve any of the specific reasons described by the sentencing guidelines in 1B1.13, N. 1 (A)-(C), because under **subsection D the Court may also consider other "extraordinary and compelling reasons" not specifically articulated)**. *Accord United States v. Fox,* 2019 WL 3046086 at 3 (D. Me. July 11, 2019); *United States v. Rivernider,* 2019 WL 3816671 at 2 (D. Conn. August 14, 2019); *United States v. Bucci,* 2019 WL 5075964 at 1 (D. Mass September 16, 2019); *United States v. Brown,* 2019 WL 4942051 at 4 (S.D. Iowa October 8, 2019); *United States v. Urkevich,* 2019 WL 6037391 at 3 (D. Neb. Nov. 14, 2019); *United*

*States v. Dusenbery,* 2019 WL 6111418 at 3 n. 3 (N.D. Ohio Nov. 18, 2019); *United States v. Valdez,* 2019 WL 7373023 at 2-3 (D. Alaska Dec. 31 2019); *United States v. Schmitt,* 2020 WL 96904 at 3 (N.D. Iowa Jan. 8, 2020).

Moreover, in *United States v. Maumu,* 2020 WL 806121 (D. Utah February 18, 2020), the Court found that one of the express purposes of the First Step Act was to increase the use and transparency of compassionate release, agreeing that there is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act and while the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under 3582(c)(1)(A)(i), and reducing Maumau's sentence finding his young age, the length of sentence imposed and the fact that he would not receive the same sentence today (because of the anti-stacking provision applicable to  924(c), as "extraordinary and compelling reasons" to reduce his sentence. *Id.* at 4,7 and 9.

### Rodney Matthews is 75 and Suffering from a Terminal Illness

Here, as accurately reflected by the medical records attached hereto as defense exhibits A-G, Mr. Matthews is now suffering from stage IV stromal gastro-intestinal cancer—a terminal illness. Terminal Illness is defined as "a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d). As demonstrated here, Mr. Matthews satisfies the criteria for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i). Mr. Matthews is now 75 and after years of having symptoms of a

gastro-intestinal disease, Mr. Matthews was finally diagnosed with stage IV gastro-intestinal cancer in 2018 at Sanford Medical Center in Bismark, North Dakota. Stage IV is the most serious and advanced form of the disease. Sanford Medical records revealed that as of August of 2018, Matthews had a large mass in his lower abdomen and malignant neoplasm of the small intestine. At Sanford, he had surgery to remove a tumor and approximately eight inches of his intestine (see medical records from Sanford Medical Center attached hereto as Exhibits A, B and C). Subsequent to the surgery and diagnosis, Mr. Matthews was transferred to FMC Butner. While at Butner in December 2018, Mr. Matthews had a CAT scan which showed cancerous activity in the area where the tumor had been previously removed. Records from November 19, 2018 revealed that Matthews had subcutaneous mass nodules with a high risk of metastatic disease. Shortly thereafter, beginning in 2019, Mr. Matthews began daily chemotherapy for GIST lesion. After months of chemotherapy, a CAT scan showed that the cancer had gone into remission and the chemotherapy was discontinued (see medical records attached hereto as Exhibits D, E and F). Unfortunately, months later on April 16, 2019, another CAT scan revealed that the cancer had returned and was worse than before with medical notes indicating "cancer has recurred and there is new evidence of metastatic disease in the abdomen noting a 1.1 cm mass." (see medical records attached hereto as Exhibit F). Chemotherapy was renewed but was accompanied by very difficult unrelenting side effects and while the latest report indicates that there is no evidence of new metastatic disease, Mr. Matthews is presently dealing with a terminal illness that all reports designate as

8

Stage IV (see medical reports attached hereto as Exhibit G). Counsel has received approximately 400 pages of medical records and selected those referenced above for attachment as relevant to the motion. However, if the Court or the government wants to review all 400, counsel will provide those.

Moreover, Mr. Matthews has been in continuous custody since June 26, 1992. As a result, he has served approximately 330 months (over 27 years) of the initial life sentence.

## COVID-19

It is important to note that Mr. Matthews is housed at FMC Butner. Moreover, the Bureau of Prisons (BOP) website indicates that of the 28 positive cases for the Corona Virus in the BOP, two positive cases exist at Butner. Counsel was told by Wanda Matthews, Mr. Matthews' sister, that Butner has been on lock down since last week and she has no information on Mr. Matthews's condition. Obviously, if Mr. Matthews were exposed to the Virus, it would be devastating. It is also important to note that the instant motion was in the process of being drafted months ago and long before the Virus hit the United States. In fact, this court granted undersigned counsel's request to be appointed as counsel of record in order to file a motion for release on December 2, 2109 (DE 526).

**Exhaustion of Administrative Rights within the Bureau of Prisons**

18 U.S.C. § 3582(c)(1)(A) allows the court to modify the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" In this case, on February 20, 2019, Mr. Matthews' first request for compassionate release was denied by the BOP (see letter from FMC Butner Warden Earwin attached hereto as exhibit H). On May 15, 2019, Mr. Matthews' second/renewed request for compassionate release was denied by the BOP (see letter from FMC Butner Warden Pupska attached hereto as exhibit I). As a result, this Court has jurisdiction to consider this request. Importantly, on December 30, 2019, Mr. Matthews was given a document by the BOP indicating that he was **eligible** under the First Step Act and that his **recidivism risk level was minimal** (See letter dated 12-3-19 and attached hereto as exhibit J).

**Rodney Matthew's Release Plan and Lack of Danger to the Community**

If released, Mr. Matthews would reside with his sister, Wanda Matthews, who resides at 1818 Green Gate Drive, Rosenberg, Texas, 77471. Ms. Matthews has been a constant source of encouragement and support for her brother the entire time he has remained incarcerated. Ms. Hart, who is retired from the airline industry, owns the home listed above and has resided there for 24 years. In addition, Rodney's brother, Frank Matthews, lives in the South West Houston area and has agreed to

subsidize Rodney's financial needs.  Moreover, Mr. Matthews would be only blocks away from Oak Bend hospital, where he would be treated for the cancer. In addition, Mr. Matthews' son, Norris, has agreed to financially support his father as well.

Furthermore, there is nothing in Rodney's background that indicates that he would be a danger to the community. The PSI accurately reports that he did not have any criminal convictions prior to the instant offenses and had zero criminal history points (PSI at paragraph 52).  He had been arrested previously for conspiracy to possess with intent to import cocaine in 1988 which was dismissed and possession of marijuana in 1984 wherein he received probation which was later expunged (PSI at paragraphs 53-54).

Moreover, as indicated above, Mr. Matthews is 75 and has a terminal illness. If released, he will be focused on his physical health and renewing family relationships for whatever period of time he has.

Finally, as indicated above, the BOP has described Mr. Matthews' recidivism risk level as "minimum" (See exhibit J).  The defense concurs in this assessment.

**The Government Is Not Opposed to the Granting of the Motion**

Counsel contacted Assistant United States Attorney E.J Yerra who has authorized counsel to represent the following: The United States agrees to the granting of this compassionate release motion in this particular instance. Given Matthews' medical condition, his age and other relevant factors he appears to be eligible for relief under these particular circumstances and the United States agrees that he should be immediately released.

11

**Relief Requested**

Rodney Matthews requests, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the foregoing, that the Court grant the motion for modification of an imposed sentence and enter an order reducing his sentence to time served with a lifetime period of supervised release with any conditions that the Court deems appropriate.

WHEREFORE, based upon the foregoing, Mr. Matthews respectfully requests that the Court modify the term of imprisonment imposed as requested above.

Respectfully submitted,

MICHAEL CARUSO
Federal Public Defender

By: s/ *Timothy Day*
Assistant Federal Public Defender
Florida Bar No. 360325
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: 954-356-7436
E-Mail: Timothy_Day@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                            *s/Timothy M. Day*
                                                           Timothy M. Day